

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 09 CR 420-1 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| MALEK RAFATI, ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Defendant Malek Rafati filed a pro se motion to reduce his sentence pursuant to Amendment 782 of the federal sentencing guidelines [156]. The government filed a response in opposition [159]. Mr. Rafati was given several opportunities to file a reply but did not do so. [165, 166]. For the following reasons, Mr. Rafati's motion is denied.

### I.     BACKGROUND

Pursuant to a plea agreement with the government, Mr. Rafati pleaded guilty to Count One of the Superseding Indictment, which charged him with conspiring with others known and unknown to him to knowingly and intentionally possess with intent to distribute and to distribute cocaine [52, 108]. The plea agreement established Mr. Rafati's base offense level at 38 because he was responsible under the federal sentencing guidelines for in excess of 2,000 kilograms of cocaine. *See* U.S.S.G. § 2D1.1(c)(1). The base offense level, when combined with a criminal history category of IV, produced an "anticipated advisory sentencing guideline range" between 324 and 405 months' imprisonment. *See* Dkt. 108, Plea Agreement, ¶ 10(d). By order of this court on November 14, 2012, Mr. Rafati was sentenced to 192 months' imprisonment [120].

## II. LEGAL STANDARD

Mr. Rafati has filed a motion pursuant to 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence based on Amendment 782 to the sentencing guidelines. Section 3582(c)(2) provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus, § 3582(c)(2) allows the court to reduce a previously imposed sentence where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" retroactively. *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).

Guideline § 1B1.10(a) provides that:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a). The relevant amendment here is Amendment 782, which "prohibits retroactive application of its provisions prior to November 1, 2015," revises the Drug Quantity Table in U.S.S.G. § 2D1.1, and reduces the offense level applicable to certain drug offenses by two levels. *See United States v. Hairston*, No. 1:00-CR-00042, 2015 WL 3439227, at *1 (N.D. Ind. May 28, 2015).

### III. DISCUSSION

Mr. Rafati asserts that the plea agreement provides for a base offense level of 38, but that consistent with the application notes to sentencing guideline § 1B1.10(b)(1), his recalculated base offense level should now be a 36. By Mr. Rafati's calculations, the original sentencing guideline of between 324 and 405 months was reduced by 132 months when he pleaded guilty and was sentenced to 196 months' imprisonment. Consequently, with an adjusted base level of 36, Mr. Rafati maintains that a new, fully adjusted sentence would bring his term of imprisonment down 62 months to 130 months. The government, meanwhile, contends that Mr. Rafati is not entitled to relief because: (a) he was sentenced pursuant to a specific, stipulated term of 192 months in a plea agreement entered under Fed. R. Crim. P. 11(c)(1)(C) and thus his sentence was not tied to a particular guideline range; and (b) the drug quantity involved in this case (in excess of 2,000 kilograms of cocaine), far exceeds the new cocaine drug quantities listed in guideline § 2D1.1(c).[1] Accordingly, Mr. Rafati's base offense level of 38 remains unchanged regardless of changes to guideline § 2D1.1(c).

The court is compelled to agree with the government on both bases. First, "[a] defendant who agrees to a specific sentence in a plea agreement under Rule 11(c)(1)(C) generally is not eligible to receive a reduced sentence under § 3582(c)(2) because that statute does not grant relief for sentences based not on a guidelines range, but on an agreed term." *United States v. Scott*, 711 F.3d 784, 787 (7th Cir. 2013) (citing *Freeman v. United States*, 131 S. Ct. 2685, 2697-98 (2011) (Sotomayor, J., concurring); *United States v. Dixon*, 687 F.3d 356, 359 (7th Cir. 2012) (concluding that Justice Sotomayor's concurrence in *Freeman* is the controlling opinion in a 4-4 decision).

---

[1] 450 kilograms or more of cocaine is the newly revised quantity associated with base offense level 38. *See* U.S.S.G. § 2D1.1(c)(1).

3

"The only exceptions occur when the plea agreement specifies that the sentence must be within an identified guidelines range or states that the basis for an agreed term is a particular sentencing range." *Scott*, 711 F.3d at 787 (citing *Freeman*, 131 S. Ct. at 2697-98 (Sotomayor, J., concurring)); *see also United States v. Buckley*, 571 F. App'x 472, 476 (7th Cir. 2014) (if a plea agreement neither "state[s] or even impl[ies]" that the agreed upon term of imprisonment is based on a guidelines range nor indicates that the basis for the term of imprisonment is a guidelines range that might later be lowered, the defendant is not eligible for a reduction under § 3582(c)(2)). Neither exception is applicable here. The plea agreement does not specify that the sentence imposed *must* be within an identified guidelines range or that the term of imprisonment is *based* on the sentencing range. To the contrary, the plea agreement identifies a range of 324-405 months as the "anticipated advisory guideline range," but Mr. Rafati was then sentenced to 192 months, which is a major departure from the potential sentencing range for someone with an offense level of 38 and a criminal history category of IV. The plea agreement simply does not *expressly* use the guidelines range to establish the ultimate term of imprisonment. *See Freeman*, 564 U.S. at 534 (Sotomayor, J., concurring) ("if a [Rule 11(c)(1)(C)] agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is "based on" the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2)). Thus, Mr. Rafati's attempt to tie his sentence to a guidelines range of 324-405 months is unavailing—despite references in the plea agreement to this sentencing range.[2]

---

[2] Binding precedent dictates the outcome the court arrives at today. But, having sentenced countless defendants based on Rule 11(c)(1)(C) agreements, this court recognizes the governing law but strongly disagrees with it. First, as this court is required to do, it calculates the guideline range in every case, even cases with Rule 11(c)(1)(C) agreements; consideration of the guideline range always informs every

4

Second, the court agrees with the government that the new drug quantities listed in guideline § 2D1.1(c) do not change Mr. Rafati's base offense level of 38 given the large quantity of cocaine involved in the offense.

Accordingly, Mr. Rafati's motion to reduce his sentence pursuant to Amendment 782 to the sentencing guidelines is denied.

## IV.  CONCLUSION

Defendant Malek Rafati's motion to reduce his sentence pursuant to Amendment 782 to the sentencing guidelines [156] is denied.2D1.1(c)

Date: October 7, 2016                                      /s/

Joan B. Gottschall
United States District Judge

---

decision whether to accept the parties' agreement. Second, while the court is not a party to plea negotiations, it cannot even imagine that the applicable guideline range does not inform the government's plea offers and the defendant's willingness to accept them; these sentencing agreements do not materialize out of thin air but are formed in the context of guideline expectations. *See United States v. Flores*, No. 09 CR 332-6, 2015 WL 5692807, *2 n.1 (N.D. Ill., Sept. 28, 2015). The result of the law as it stands is that defendants whom the government wishes to treat leniently receive no reductions while the defendants for whom the government saw no occasion for leniency have their sentences reduced.